Steven J. Sherlag, P.C.
Attorney at Law
OSB 931034
steven@sherlaglaw.com
621 SW Morrison Street, Suite 900
Portland, Oregon 97205
(503) 227-5200
Facsimile (503) 227-2530
Attorney for Plaintiff

FILED 20 MAY '11 16:16 USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHEILA L. SNYDER, | ) |
| Plaintiff, | ) Case No. CV '11 - 6 23   MO |
| vs. | ) COMPLAINT FOR DAMAGES |
| | ) UNDER THE OREGON TORT CLAIMS |
| STATE OF OREGON; LINCOLN COUNTY; | ) ACT AND 42 U.S.C. §1983 |
| LINCOLN COUNTY DISTRICT | ) |
| ATTORNEY'S OFFICE; RAND OVERTON; | ) JURY TRIAL DEMANDED |
| ROB BOVETT, MARCIA BUCKLEY; and | ) |
| DOES 1-10, | ) |
| Defendants. | ) |

Plaintiff alleges as follows:

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, of rights secured by

the Fourteenth Amendment to the United States Constitution, and of rights secured under the laws

and Constitution of the State of Oregon.

2.      Plaintiff seeks compensation from defendants, and each of them, for employing the

unlawful practices at issue herein.

3.      This court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367. The United States District Court for the District of Oregon has jurisdiction of the federal claims in this case pursuant to 28 U.S.C. §§ 1331 and 1343.

4.      Ms. Snyder complied with the Oregon Tort Claim Act as required by providing actual notice to the State of Oregon of her allegations in November of 2009, by and through its agents, including but not limited to the Oregon Department of Justice and Lincoln County Counsel, as both agencies were aware of Ms. Snyder's allegations and both agencies were investigating her claims.

5.      Venue is proper in this District under 28 U.S.C. § 1402(b) as plaintiff resides in the District of Oregon, and because all of the acts and omissions alleged herein occurred in this District. 28 U.S.C. § 1391(b)(1), and (b)(2).

6.      Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## PARTIES TO THE ACTION

7.      Plaintiff Sheila Snyder is a citizen of the United States and a resident of the State of Oregon.

8.      State of Oregon. All attorneys and employees referred to hereinafter were at all relevant times employees of the State of Oregon, Lincoln County, and/ or Lincoln County District Attorney's Office and acting under color of law.

9.      Defendant Lincoln County is a public body responsible under state law for the acts and omission of its employees and officials, including those whose conduct is at issue herein. All attorneys and employees referred to hereinafter were at all relevant times employees of Lincoln

STEVEN J. SHERLAG, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

County, the State of Oregon, and/ or Lincoln County District Attorney's Office and acting under color of law.

10.    Defendant Lincoln County District Attorney's Office is a division of Lincoln County, and at all relevant times acted under color of law. All attorneys and employees referred to hereinafter were at all relevant times employees of Lincoln County District Attorney's Office, the State of Oregon, and/or Lincoln County and acting under color of law.

11.    Defendant Rand Overton, at all times relevant to this action, was an employee of Lincoln County, the Lincoln County District Attorney's Office, and/or the State of Oregon, and at all relevant times acted under color of law, as an agent and/or employee of Lincoln County, the Lincoln County District Attorney's Office, and/or the State of Oregon, and within the course and scope of said agency and/or employment, and is sued in his official and individual capacity.

12.    Defendant Rob Bovett, is the elected District Attorney for Lincoln County, and in this capacity he is in overall control of the hiring, firing, training, personnel, and management operations of the Lincoln County District Attorney's Office. At all times relevant to this action, he was an employee of Lincoln County, the Lincoln County District Attorney's Office, and/or the State of Oregon, and at all relevant times acted under color of law, as an agent and/or employee of Lincoln County, the Lincoln County District Attorney's Office, and/or the State of Oregon, and within the course and scope of said agency and/or employment, and is sued in his official and individual capacity.

13.    Defendant Marcia Buckley, at all times relevant to this action, was the Lincoln County Chief Deputy District Attorney, an employee of Lincoln County, the Lincoln County District Attorney's Office, and/or the State of Oregon, and at all relevant times acted under color of law, as an agent and/or employee of Lincoln County, the Lincoln County District Attorney's Office,

PAGE 3- COMPLAINT FOR DAMAGES
UNDER THE OREGON TORT CLAIMS ACT AND 42
U.S.C. §1983

STEVEN J. SHERLAG, ATTORNEY AT LAW
A Professional Corporation
621 SW MORRISON STREET, SUITE 900, PORTLAND, OREGON 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

and/or the State of Oregon, and within the course and scope of said agency and/or employment, and is sued in her official and individual capacity.

14.     DOES 1-10 are employees of Lincoln County, the Lincoln County District Attorney's Office, and/or the State of Oregon, and are sued in their individual and/or official capacities. At all times mentioned herein, defendants DOES 1-10 acted pursuant to their employment with Lincoln County, the Lincoln County District Attorney's Office, and/or the State of Oregon, and at all relevant times acted under color of law, as an agent and/or employee of Lincoln County, the Lincoln County District Attorney's Office, and/or the State of Oregon, and within the course and scope of said agency and/or employment, and is sued in his/her individual capacity. DOES 1-10 are persons whose identity is presently unknown to Ms. Snyder, but who acted to aid, supervise, or train the other individual defendants in their acts as they pertain to this matter, and/or created customs, policies, and or practices of Lincoln County through both affirmative actions or failure to act, and/or ratified the acts of defendants.

## FACTUAL BACKGROUND

15.     On May 21, 2009, Ms. Snyder entered a guilty plea to the charge of Remedial Contempt of Court in *Shurts v. Shurts*; Lincoln County 005422, for failing to pay court ordered child support. Ms. Snyder was sentenced to twenty-four (24) months probation and was ordered to pay court ordered child support payments. Ms. Snyder was also ordered to maintain monthly contact with the Lincoln County District Attorney's Child Support Unit. Lincoln County Deputy District Attorney Rand Overton was assigned to Ms. Snyder's case.

16.     On May 22, 2009, Ms. Snyder contacted defendant Overton by telephone at the Lincoln County District Attorney's Office, to find out what probation meant for her, what needed to be done, and the status of her modification of child support payments. During this conversation,

STEVEN J. SHERLAG, ATTORNEY AT LAW
A Professional Corporation
621 SW MORRISON STREET, SUITE 900, PORTLAND, OREGON 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

defendant Overton asked Ms. Snyder to come in to see him wearing the dress she had worn to court and requested that she not wear any underwear.

17.     Ms. Snyder immediately felt threatened by defendant Overton's inappropriate statement. However, Ms. Snyder had no choice but to continue to deal with defendant Overton because she was on probation and was ordered by the court to maintain contact with the Lincoln County District Attorney's Office. Ms. Snyder feared she would be incarcerated if she did not comply with the court order.

18.     From the initial telephone conversation on May 22, 2009 until approximately November 12, 2009, defendant Overton continued to make inappropriate sexual comments to Ms. Snyder when she would contact him to discuss her child support matter as ordered by the court. These inappropriate sexual comments, described herein and infra, were threatening to Ms. Snyder because of the power imbalance, the possibility of her incarceration, and his promises to clear her amount or to resolve her child support case favorably to her interests.

19.     On several occasions, defendant Overton told Ms. Snyder that he would get her child support zeroed out if she came in to see him. Because of his inappropriate sexual comments, Ms. Snyder refused to meet with defendant Overton alone. When Ms. Snyder asked defendant Overton if she could bring her son in with her, defendant Overton told her she could not.

20.     On several occasions defendant Overton told Ms. Snyder she should leave her husband, implicitly or explicitly for him and/or in pursuit of a sexual relationship.

21.     During a conversation about medical records, defendant Overton told Ms. Snyder, "I could compare scars with you someday perhaps." In this conversation, defendant Overton also stated to Ms. Snyder, "So you have little roadmaps all over your body. You know?" When Ms. Snyder replied that she calls them personality marks, defendant Overton responded, "Well, that's

Steven J. Sherlag, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

what light switches are for." This conversation as recounted herein and infra had both implicit and explicit sexual overtones and was threatening and intimidating, and caused her harm and damages as explained below.

22.    During the same conversation about medical records described in paragraph 21, defendant Overton brought up a procedure regarding breast reduction. Ms. Sndyer replied, "Well I don't know to necessarily reduce them, it's just to, um remove some hardware." Defendant Overton replies, "Oh, well, I understand that. But that would reduce them, wouldn't you think?......I was just trying to be nice, ok." Defendant Overton continued, "All right. Listen, you know, the man side of me says bring 'em on baby, the lawyer side of me says, mmm, ok, we'll call this reduction."

23.    During the same conversation described in paragraphs 21-22, defendant Overton told Ms. Snyder, "One of these days you're gonna come and sit in my office…and we're gonna talk. Or I'm gonna come out there and take you to coffee or somethin' so we can talk about all this stuff." Defendant Overton then told Ms. Snyder that he hates to talk on the telephone, and likes to look at people when he talks to them and said, "you're fun to look at."

24.    During the same conversation described in paragraphs 21-23, defendant Overton told Ms. Snyder, "Yeah, then we can –we can close the case and-and then you can just go to coffee with me once in a while."

25.    During the same conversation described in paragraphs 21-24, defendant Overton told Ms. Snyder that he was very impressed with Ms. Snyder the last few days, and told Ms. Snyder, "maybe I'll have to start lookin' up your lucky number or somethin' on MySpace."

26.    The conversations described in paragraphs 16-25 occurred while Ms. Snyder was mandated by the court to report to defendant Overton, and all conversations occurred on defendant Overton's Lincoln County District Attorney's Office telephone line.

STEVEN J. SHERLAG, ATTORNEY AT LAW
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

27.     The conversations described in paragraphs 16-25 led Ms. Snyder to believe that in order for defendant Overton to bring her child support payment balance to zero and to potentially avoid incarceration, she had to come in to defendant Overton's office alone to see him. Because of the sexual nature of defendant Overton's comments, such as asking Ms. Snyder to come to the office not wearing underwear, telling her to come to the office alone, and making comments about her breasts, Ms. Snyder received a direct or implied demand from defendant Overton to perform sexual favors in order to have him reduce her child support balance to zero; defendant Overton "demanded" sexual favors from Ms. Snyder in return for handling her case favorably to her interests; and Ms. Snyder would be required to go to defendant Overton's office alone in order to get her child support case taken care of favorably to her interests.

28.     Defendant Overton offered to pay for Ms. Snyder's transportation costs to his office to perform sexual favors. Despite defendant Overton's repeated requests, Ms. Snyder never went to defendant Overton's office.

29.     Defendant Overton's tone and inappropriate sexual comments made Ms. Snyder fearful and anxious. Ms. Snyder believed that because of her probation status, she had to tolerate defendant Overton's comments since he had the control to put her in jail or take away her driver's license. Because defendant Overton was a powerful political force in Lincoln County, Ms. Snyder feared leaving her house and running into defendant Overton and/or his colleagues.

30.     After Ms. Snyder finally received SSI benefits, she contacted the Lincoln County District Attorney's Child Support Unit on or about November 12, 2009, and spoke with Paula Deahl, a Caseworker for the Support Enforcement Office. She told Deahl that she received her SSI, and that she did not ever want to deal with defendant Overton again because he had been sexually harassing her. Deahl laughed at her and told Ms. Snyder that defendant Overton would not do that.

Steven J. Sherlag, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

Ms. Snyder then told Deahl that she had it on tape, and again repeated that she did not want to deal with defendant Overton ever again. A couple minutes after Ms. Snyder ended the conversation with Deahl, she received a call from defendant Overton who left Ms. Snyder a message congratulating her for receiving her SSI. Ms. Snyder called back the Lincoln County District Attorney's Office and spoke with Lincoln County District Attorney's Office manager, Jill Wagner, and again reported that defendant Overton had been sexually harassing her, that Deahl had laughed at her, and that immediately after she told Deahl that she never wanted to deal with defendant Overton again, defendant Overton called Ms. Snyder.

31.     On November 12, 2009, Defendant Marcia Buckley, the Chief Deputy District Attorney of the Lincoln County District Attorney's Office, confronted defendant Overton about Ms. Snyder's allegations and sent him home. When confronted, defendant Overton admitted to the sexual harassment.

32.     On November 13, 2009, Newport Police responded to an attempted suicide report regarding defendant Overton. In defendant Overton's suicide note he stated, "Today I was suspended with pay from work. I don't expect that I would ever be able to return to work. A charge of sexual harassment was made against me. I did not have physical relations with this person but I did, I thought I was joking say things to her that would be and is harassment. It happened several months ago, I don't remember what I said in particular but I said as I remember what would be enough for me to lose my job."

33.     Ms. Snyder filed a bar complaint against defendant Overton which was dated and received by the Oregon State Bar on January 15, 2010. In defendant Overton's response to the Oregon State Bar on or about April 2, 2010, defendant Overton stated, "I do recall some of that phone call because of what I remember that I said. When we were in Court Ms. Snyder was wearing

PAGE 8- COMPLAINT FOR DAMAGES
UNDER THE OREGON TORT CLAIMS ACT AND 42
U.S.C. §1983

Steven J. Sherlag, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

a rather revealing dress, I commented on it and she mentioned that  she had another that was like it. All of this was completely inappropriate on my part, I thought that  I was being humorous. My comments were simply vulgar and wrong. At some point in the conversation I said something about her wearing the dress and then I made the comment that if she did maybe I would get lucky and she would forget to wear underwear."

34.    Because of Ms. Snyder's sexual harassment complaint against defendant Overton, the Oregon Department of Justice investigated the allegations.  Ms. Snyder, defendant Overton, several employees of the Lincoln County District Attorney's Office, and other female child support obligators and/or obligees that had been assigned to defendant Overton, were interviewed regarding the investigation.

35.    On April 29, 2010, a criminal indictment was issued against defendant Overton.  In *State v. Rand Overton;* Lincoln County Case 101660, Mr. Overton was charged with the following:

a.  Count 1:  Official Misconduct in the First Degree (ORS 162.415):  The defendant, on or between May 22, 2009 and June 2, 2009, in Lincoln County, Oregon, did unlawfully and with intent to obtain a benefit, to-wit: sexual gratification, knowingly perform an act constituting an unauthorized exercise in official duties; contrary to statute and against the peace and dignity of the State of Oregon;

b.  Count 2:  Official Misconduct in the First Degree (ORS 162.415): The defendant, on or between May 22, 2009 and June 2, 2009, in Lincoln County, Oregon, did unlawfully and with intent to harm Shelia Snyder, knowingly perform an act constituting an unauthorized exercise in official duties, to-wit:  making sexually suggestive comments to Shelia Snyder in the course of the defendant's duties; contrary to statute and against the peace and dignity of the State of Oregon;

STEVEN J. SHERLAG, ATTORNEY AT LAW
A Professional Corporation
621 SW MORRISON STREET, SUITE 900, PORTLAND, OREGON 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

c.  Count 3:  Official Misconduct in the First Degree (ORS 162.415):  The defendant, on or between June 3, 2009 and November 18, 2009, in Lincoln County, Oregon, did unlawfully and with intent to obtain a benefit, to-wit: sexual gratification, knowingly perform an act constituting an unauthorized exercise in official duties; contrary to statute and against the peace and dignity of the United States;

d.  Count 4:  Official Misconduct in the First Degree (ORS 162.415): The defendant, on or between June 3, 2009 and November 18, 2009, in Lincoln County, Oregon, did unlawfully and with intent to harm Shelia Snyder, knowingly perform an act constituting an unauthorized exercise in official duties, to-wit: making sexually suggestive comments to Shelia Snyder in the course of the defendant's duties; contrary to statute and against the peace and dignity of the State of Oregon;

e.  Count 5:  Attempted Coercion (ORS 163.275[ORS 161.405(d)]):  The defendant, on or between May 22, 2009 and June 2, 2009, in Lincoln County, Oregon, did unlawfully and intentionally attempt to compel or induce Shelia Snyder to engage in conduct from which Shelia Snyder had a legal right to abstain, by means of instilling in Shelia Snyder a fear that, if Shelia Snyder refrained from the conduct compelled or induced, the defendant would unlawfully use or abuse the defendant's position as a public servant by performing some act within or related to official duties, or by failing or refusing to perform an official duty, in such manner as to affect Shelia Snyder adversely; contrary to statute and against the peace and dignity of the State of Oregon; and

f.  Count 6:  Attempted Coercion (ORS 163.275[ORS 161.405(d)]):  The defendant, on or between June 3, 2009 and November 18, 2009, in Lincoln County, Oregon, did

Steven J. Sherlag, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

unlawfully and intentionally attempt to compel or induce Shelia Snyder to engage in

conduct from which Shelia Snyder had a legal right to abstain, by means of instilling

in Shelia Snyder a fear that, if Shelia Snyder refrained from the conduct compelled or

induced, the defendant would unlawfully use or abuse the defendant's position as a

public servant by performing some act within or related to official duties, or by

failing or refusing to perform an official duty, in such manner as to affect Shelia

Snyder adversely; contrary to statute and against the peace and dignity of the State of

Oregon.

36.    At no time throughout the investigation did defendant Overton deny that he had

made the comment to Ms. Snyder coming to his office not wearing any underwear. Defendant

Overton admitted that his comments were inappropriate and vulgar.

37.    During the investigation, several employees of the Lincoln County District

Attorney's Office were interviewed by the Department of Justice and several reported that they had

received complaints from other female child support obligees or obligators about defendant

Overton, including but not limited to:

   a.  Paula Deahl, a Caseworker for the Support Enforcement Office, received a call from

       a female obligor that she didn't want to meet with defendant Overton, and that he

       gave her the creeps.

   b.  Jen Tyler, a Caseworker for the Support Enforcement Office, reported that "a

       couple of different female obligees complained about Rand, and that they didn't

       want to work with Rand...things he said bothered them, they didn't specify if it was

       sexual or what, they just complained that things he said made them feel

       uncomfortable. One of them said that she is old and she just thought, you know, if

Steven J. Sherlag, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

he says it to the wrong person, he's going to get in trouble, but it doesn't bother me. And the other one said that she never wanted to talk to Rand and he would always call me."

    c.   Defendant Buckley, reported that some female clients had come to see her to handle their child support matters, because they felt uncomfortable with defendant Overton.

38.    Several female co-workers of defendant Overton have stated that defendant Overton had made them uncomfortable by his flirtatious behavior and inappropriate sexual comments, or had witnessed him making inappropriate comments to others, including but not limited to:

    a.   Lincoln County District Attorney's office manager, Jill Wagner, reported that on one occasion, defendant Overton asked her to help pick out some panties for another female co-worker.  Wagner also reported that she has observed defendant Overton making comments that could come across as sexual in nature.

    b.   Lincoln County Deputy District Attorney Gina Lekas reported that another employee was vividly upset after an interaction with defendant Overton.  The co-worker told Lekas that she was uncomfortable with defendant Overton and that she did not like the way he looked at her.

    c.   Jen Tyler, a Caseworker for the Support Enforcement Office, reported that defendant Overton made her uncomfortable.  On one occasion, defendant Overton made a comment to her about Oregon State underwear, and she later heard that he asked someone in the office to help him find underwear for her.   On another occasion defendant Overton was telling Tyler that he and his wife would be splitting up and he made a comment to Tyler like "I know you'd probably never date anyone

Steven J. Sherlag, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

like me." On another occasion, defendant Overton made a comment to Tyler about her being bent over something. On another occasion, defendant Overton came up behind Tyler while she was seated at her desk and began massaging her shoulders.

d.  Defendant Buckley reported that defendant Overton "would say inappropriate things, um, about women, about how they looked, about their chests, about, um, their physical appearance." Defendant Buckley also described Rand as "lecherous, absolutely lecherous" and that she had "personally see him flirt with every woman he comes into contact with practically."

39.    Lincoln County Deputy District Attorney Michelle Branam reported in her interview with the Department of Justice, that her office was next to defendant Overton's, and that she "had heard some conversations, given the fact that the walls are so thin and that I live-I- have an office right next door, that there would be times that I would hear him on the telephone with who I believe, and I have no proof and cannot name names, but I believe that he was talking to a person that he was working with collecting child support for, and then he would make comments that I thought were inappropriate. For example, one was that, um, I believe he asked if she was still in bed and that does he need to come over and-and rub her shoulders before she comes to court, that kind of thing." In the same interview, Branam further stated, "But, um, that was not uncommon for me to hear things like that that I would have to, um, typically, I would just shut my door, turn up my radio, because I didn't have all of the information, and what I did hear, um, I didn't think was appropriate."

40.    During the course of the Department of Justice's investigation of defendant Overton, several female obligees or obligators that had been assigned to defendant Overton regarding their child support matters were interviewed, and reported that defendant Rand had made

Steven J. Sherlag, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

similar, inappropriate sexual comments to them.  This includes Ruby Pedersen and Kim Lane Brithauer.

41.    On December 14, 2010, defendant Overton was convicted of count 1 and count 3 of the indictment (Official Misconduct in the First Degree).  He was sentenced to serve fifteen (15) days jail and twenty-four (24) months probation.  Defendant Overton was also ordered not to have contact with Shelia Snyder, as well as Ruby Pedersen or Kim Lane Brithauer, two other former clients of defendant Overton who eventually came forward with similar allegations.

## COUNT ONE
## NEGLIGENCE (ORS 30.265)
## AGAINST DEFENDANTS STATE OF OREGON, LINCOLN COUNTY, THE LINCOLN COUNTY DISTRICT ATTORNEY'S OFFICE, AND DEFENDANT OVERTON

42.    Plaintiff realleges Paragraphs 1-41, as though set forth fully herein.

43.    Defendant Overton, defendants State of Oregon, Lincoln County, and the Lincoln County District Attorney's Office, by and through its employees including but not limited to the individual defendants and DOES 1-10, were negligent and failed to exercise due care in one or more of the following particulars:

a.    Failure to exercise due care to protect Ms. Snyder from defendant Overton's unlawful and unconstitutional conduct and abuse of public authority described *supra,* in hiring, investigation, supervision, and discipline of defendant Overton;

b.    Failure to create and maintain an appropriate workplace in hiring, training, and supervising, thus creating *defacto* policies, practices, and customs that were a direct and proximate cause of defendant Overton's unlawful and unconstitutional conduct, and abuse of public authority described *supra*;

STEVEN J. SHERLAG, ATTORNEY AT LAW
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

    c.   Failure to establish guidelines to train, supervise, and/or educate its employees regarding appropriate conduct at the workplace and regarding treatment of persons such as Ms. Snyder, thereby permitting defendant Overton to be in a position to violate Ms. Snyder's federal and state constitutional and statutory rights and abuse of public authority described *supra*; and

    d.   All of said conduct occurred in and during the course and scope of the defendants' duties and functions as employees of the State of Oregon, Lincoln County, and/or the Lincoln County District Attorney's Office.

44.    The wrongful actions, polices, practices, and customs of the defendant Overton, defendants State of Oregon, Lincoln County, and the Lincoln County District Attorney's Office, by and through its employees, including but not limited to individual defendants and DOES 1-10, constitute negligence under the laws of the State of Oregon.

45.    As a direct and proximate result of the wrongful actions, polices, practices, and customs of defendant Overton, defendants State of Oregon, Lincoln County, and the Lincoln County District Attorney's Office, by and through its employees, including but not limited to individual defendants and DOES 1-10, Ms. Snyder suffered hurt, anxiety, pain, embarrassment, trauma, anguish, mental and severe emotional distress, and fear that if she refrained from the compelled conduct, that defendant Overton would abuse his public authority by performing a required act, or failing or refusing to perform an official duty, all to her non-economic damages and economic damages according to proof at trial.

STEVEN J. SHERLAG, ATTORNEY AT LAW
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

## COUNT TWO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANT STATE OF OREGON, LINCOLN COUNTY, THE
## LINCOLN COUNTY DISTRICT ATTORNEY'S OFFICE, AND DEFENDANT
## OVERTON

46.    Plaintiff realleges Paragraphs 1-45, as though set forth fully herein.

47.    The wrongful actions, polices, practices, and customs of defendant Overton,

defendants State of Oregon, Lincoln County, and the Lincoln County District Attorney's Office, by

and through its employees including but not limited to the individual defendants and DOES 1-10,

constitute intentional infliction of emotional distress under the laws of the State of Oregon.

48.    As a direct and proximate result of the wrongful actions, polices, practices, and

customs of defendant Overton, defendants State of Oregon, Lincoln County, and the Lincoln

County District Attorney's Office, by and through its employees including but not limited to the

individual defendants and DOES 1-10, Ms. Snyder suffered hurt, anxiety, pain, embarrassment,

trauma, anguish,  mental and severe emotional distress and fear that if she refrained from the

compelled conduct, that defendant Overton would abuse his public authority by performing a

required act, or failing or refusing to perform an official duty, all to her non-economic damages and

economic damages according to proof at trial.

## COUNT THREE
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANT STATE OF OREGON, LINCOLN COUNTY, THE
## LINCOLN COUNTY DISTRICT ATTORNEY'S OFFICE, AND DEFENDANT
## OVERTON

49.    Plaintiff realleges Paragraphs 1-48, as though set forth fully herein.

50.    Defendant Overton, defendants State of Oregon, Lincoln County, and the Lincoln

County District Attorney's Office, by and through its employees, including but not limited to

STEVEN J. SHERLAG, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

individual defendants and DOES 1-10, intended to inflict severe mental or emotional distress on

Ms. Snyder, and/or there existed a special relationship between defendants and Ms. Snyder, and

defendants negligently caused severe mental or emotional distress.

51.     The wrongful actions, polices, practices, and customs of the defendant Overton,

defendants State of Oregon, Lincoln County, and the Lincoln County District Attorney's Office, by

and through its employees, including but not limited to individual defendants and DOES 1-10,

constitute negligent infliction of emotional distress under the laws of the State of Oregon.

52.     As a direct and proximate result of the wrongful actions, polices, practices, and

customs of defendant Overton, defendants State of Oregon, Lincoln County, and the Lincoln

County District Attorney's Office, by and through its employees including but not limited to the

individual defendants and DOES 1-10, Ms. Snyder suffered hurt, anxiety, pain, embarrassment,

trauma, anguish, mental and severe emotional distress, and fear that if she refrained from the

compelled conduct, that defendant Overton would abuse his public authority by performing a

required act, or failing or refusing to perform an official duty, all to her non-economic damages and

economic damages according to proof at trial.

## COUNT FOUR
## CIVIL RIGHTS § 1983
## AGAINST INDIVIDUAL DEFENDANTS

53.     Plaintiff realleges Paragraphs 1-52, as though set forth fully herein.

54.     The conduct and wrongful actions, polices, practices, and customs of the individual

defendants and DOES 1-10 violated the rights of Ms. Snyder.

55.     Beginning on May 22, 2009, defendant Overton, acting under color of state law,

began sexually harassing Ms. Snyder and "groomed" her for further sexual conduct.

STEVEN J. SHERLAG, ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
621 SW MORRISON STREET, SUITE 900, PORTLAND, OREGON 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

56.     Defendant Overton's continued sexual harassment evidenced an unwanted and unsolicited desire to have a sexual relationship with Ms. Snyder.

57.     Ms. Snyder was severely emotionally stressed and impacted by defendant Overton's actions.

58.     On information and belief, defendant Bovett, defendant Buckley, and DOES 1-10, were aware of the inappropriate conduct of defendant Overton but were deliberately indifferent to Ms. Snyder's right to equal protection, did nothing to stop defendant Overton, and thus by failure to act otherwise ratified the actions of defendant Overton.

59.     As a direct and proximate result of the conduct and wrongful actions, polices, practices, and customs of the individual defendants and DOES 1-10, Ms. Snyder suffered hurt, anxiety, pain, embarrassment, trauma, anguish,  mental and severe emotional distress, and fear that if she refrained from the compelled conduct, that defendant Overton would abuse his public authority by performing a required act, or failing or refusing to perform an official duty, all to her non-economic damages and economic damages according to proof at trial.

## COUNT FIVE
## FAILURE TO TRAIN, SUPERVISE, DISCIPLINE, NEGLIGENT HIRING, RATIFICATION, AND CUSTOM, POLICY, AND PRACTICE (FOURTEENTH AMENDMENT) AGAINST DEFENDANTS LINCOLN COUNTY AND LINCOLN COUNTY DISTRICT ATTORNEY'S OFFICE

60.     Plaintiff realleges Paragraphs 1-59, as though set forth fully herein.

61.     Defendants Lincoln County and the Lincoln County District Attorney's Office are responsible for training and supervision of Lincoln County District Attorney's Office attorneys and employees, including but not limited to individual defendants and DOES 1-10.

62.     Defendant Bovett, as the head of the Lincoln County District Attorney's Office, bears the ultimate responsibility for hiring, training, disciplining, and supervision of Lincoln County

STEVEN J. SHERLAG, ATTORNEY AT LAW
A Professional Corporation
621 SW MORRISON STREET, SUITE 900, PORTLAND, OREGON 97205
(503) 227-5200 FAX (503) 227-2530
STEVEN@sherlaglaw.com

District Attorney's Office attorneys and employees, including but not limited to individual defendants and DOES 1-10.

63.     On information and belief, defendants Lincoln County and the Lincoln County District Attorney's Office have failed to investigate in hiring and failed to institute adequate training programs and policies for Lincoln County District Attorney's Office attorneys and employees, including but not limited to individual defendants and DOES 1-10, regarding correct practices regarding appropriate conduct with clients, co-workers, and general sexual harassment policies.

64.     On information and belief, Defendants Lincoln County and the Lincoln County District Attorney's Office have failed to investigate in hiring and failed to adequately supervise Lincoln County District Attorney's Office attorneys and employees, including but not limited to individual defendants and DOES 1-10 regarding correct practices regarding appropriate conduct with clients, co-workers, parties to litigation, and members of the public regarding general sexual harassment policies.

65.     Defendants Lincoln County and the Lincoln County District Attorney's Office are responsible for the discipline of Lincoln County District Attorney's Office attorneys and employees, including but not limited to individual defendants and DOES 1-10.

66.     On information and belief, defendants Lincoln County and the Lincoln County District Attorney's Office, by and through its employees and supervisors, including but not limited to individual defendants and DOES 1-10, have failed to discipline Lincoln County District Attorney's Office attorneys, employees, and defendant Overton, regarding correct practices regarding appropriate conduct with clients, co-workers, parties to litigation, and members of the public regarding general sexual harassment policies.

STEVEN J. SHERLAG, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

67.    The foregoing acts and omissions of the individual defendants were in accordance with the official or unofficial customs, policies and/or practices of Lincoln County and the Lincoln County District Attorney's Office.

68.    The failures described *supra*, were deliberately indifferent, and in reckless disregard of Ms. Snyder's safety and well-being, as well as her equal protection rights.

69.    As a direct and proximate result of the wrongful actions, polices, practices, and customs of defendants Lincoln County, the Lincoln County District Attorney's Office, and individual defendants' failure to investigate hiring, failure to institute and ensure adequate training and supervision, failure to discipline, and the wrongful policies, practices, and customs as described above caused Ms. Snyder to suffer hurt, anxiety, pain, embarrassment, trauma, anguish, mental and severe emotional distress, and fear that if she refrained from the compelled conduct, that defendant Overton would abuse his public authority by performing a required act, or failing or refusing to perform an official duty, all to her non-economic damages and economic damages according to proof at trial.

## ATTORNEY'S FEES

Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. §§ 1984, et seq. including 1988.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants, and each of them jointly and severally, as pled *supra* and as follows:

1.    Economic damages according to proof at trial;

2.    Non-economic damages in an amount to be proven at trial;

STEVEN J. SHERLAG, ATTORNEY AT LAW
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com

3.    Punitive and exemplary damages according to proof (as to individual defendants and DOES 1-10);

4.    Costs of suit and attorneys fees; and

5.    Such other and further relief as the court deems just and proper.

This 20th day of May, 2011.

Steven J. Sherlag, OSB 93103
Attorney to Ms. Snyder

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues properly triable by jury herein.

This 20th day of May, 2011.

Steven J. Sherlag, OSB 93103
Attorney to Ms. Snyder

Steven J. Sherlag, Attorney at Law
A Professional Corporation
621 SW Morrison Street, Suite 900, Portland, Oregon 97205
(503) 227-5200 FAX (503) 227-2530
steven@sherlaglaw.com